MAZIEKA v. NORTH & JUDD MFG. CO.

(Circuit Court, E. D. New York. February 8, 1910.)

REMOVAL OF CAUSES (§ 112*)—DISMISSAL OF CAUSE—PROCEEDINGS FOR DISMISSAL.

Where defendant, by obtaining an order to show cause on a motion to dismiss for insufficiency of service of process, permits the record on removal of the cause to be completed by including a stipulation that the service made should have the same effect as if made on an officer of the defendant company within the state, provided that this should not be construed so as to prejudice defendant's rights in the United States Circuit Court if the action should be removed to that court, and he contends that on removal plaintiff is limited to reliance on the actual service, but argues that, even if service were on an officer, dismissal could be demanded, the court will require defendant to elect which interpretation it will assert it intended.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 112.*]

Action by Joseph Mazieka against the North & Judd Manufacturing Company. On motion by defendant to dismiss. Motion set for hearing.

O'Neill, McDowell & Kennedy, for plaintiff.
George H. Mitchell, for defendant.

CHATFIELD, District Judge. The defendant has moved to dismiss by obtaining an order to show cause, which called upon the plaintiff to furnish proof, by way of affidavits, as to the facts relating to the allegations that the defendant did no business in the state of New York, and had no officers here engaged in business and capable of being served with process. The plaintiff has submitted affidavits and a stipulation in the following language:

"It is stipulated on behalf of defendant that the service of the summons and complaint herein on John C. Moore, managing agent, on the 9th day of September, 1909, shall have the same force and effect as if served upon an officer of the company within the state. Nothing herein, however, shall be construed so as to prejudice in any way the rights of the defendant in the United States Circuit Court, should this action be removed to that court."

One motion to set aside service in the state court had been granted, and the second service was no better. If the present motion rested upon the removal record alone, this stipulation would appear to have been unavailable, as it had never been filed, and this court would have had no knowledge thereof. The order to show cause has given the plaintiff the right to complete the record by including the stipulation. But under the defendant's interpretation the plaintiff is still limited to reliance upon the actual service, which has apparently been held insufficient in the state court. On the other hand, if the stipulation be held to mean that no waiver or consent shall be claimed which would interfere with the defendant's rights in the United States court, even if the summons had been served upon an officer, then this court would have to pass upon the question of whether such service would be held sufficient after removal. As the defendant has by its own act al-

lowed this ambiguous stipulation to be submitted to the court, and yet has argued that, even if the service had been upon an officer, a dismissal could be demanded, the court is unwilling to decide what the defendant intended thereby. The defendant must elect which position it will take, or, rather, which meaning of the stipulation it will assert it intended.

To hold that the service was the same as if upon an officer would be to the prejudice of the defendant, if it could have demanded a dismissal in the United States court upon the service actually made, and it would then be necessary to determine whether the case ought to be remanded to prevent injustice to the plaintiff, inasmuch as the stipulation conferring jurisdiction upon the state court was signed, and an entire failure of consideration for the $20 paid would result if it be treated as futile. If the defendant elects to treat the stipulation as equivalent to service upon an officer, but to be without prejudice (that is, not to be considered as a voluntary appearance or waiver) to any rights it may urge, even upon such service, then this court will be in a position to decide the question of federal jurisdiction upon the merits.

The motion may be brought on February 18th, at 3:30 p. m., when either party may make such motion as they are advised.